1   Frank T. Pepler (SBN 100070)
    Kathleen S. Kizer (SBN 246035)
2   **DLA PIPER LLP (US)**
    555 Mission Street, Suite 2400
3   San Francisco, CA 94105-2933
    Tel: 415.836.2500
4   Fax: 415.836.2501

**FILED**

DEC -9 2014

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:            Deputy Clerk

**ENTERED**

DEC 09 2014

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:            Deputy Clerk

5   Attorneys for Debtors MARIANA V. GERZANYCH and
    TIMOTHY L. MASON

6

7

8                  UNITED STATES BANKRUPTCY COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                        SANTA ANA DIVISION

11  In re                                  Case No. 8:14-bk-10391-ES

12  MARIANA V. GERZANYCH, TIMOTHY          Jointly Administered with:
    L. MASON                               8:14-bk-10395-ES

13          Debtors.

14

15  MARIANA V. GERZANYCH, Debtor,          Adversary Proc: 8:14-ap-01130-ES
    and TIMOTHY L. MASON, Debtor,
16                                         **ORDER GRANTING MOTION TO**
    Plaintiffs,                            **TRANSFER VENUE TO THE SOUTHERN**
17                                         **DISTRICT OF NEW YORK**

18          v.                             Hearing Date: October 28, 2014
                                           Hearing Time: 2:00 p.m.
19  CAR CHARGING GROUP, INC., a            Place: Courtroom 5A
    Nevada Corporation; CAR CHARGING,              411 West Fourth Street
20  INC., a Delaware Corporation; 350              Santa Ana, CA 92701
    HOLDINGS, LLC, a Florida Limited       The Honorable Erithe A. Smith
21  Liability Company; and 350 GREEN, LLC,
    a Virginia Limited Liability Company,
22
    Defendants.
23

24        **IN THIS DISTRICT, AT SANTA ANA, CALIFORNIA, ON THE DATE**

25  **INDICATED BELOW:**

26          On October 28, 2014 a hearing was held on the *Motion to Transfer Venue to the Southern*

27  *District of New York Pursuant to 29 U.S.C. § 1412 or, In the Alternative, To Dismiss Counts*

28  *Three, Five and Six of Plaintiffs' Complaint Pursuant to Fed. R. Civ. Pro. 12(b)(6)* [Doc. No. 11]

1  (the "Motion to Transfer Venue") filed by Creditors Car Charging Group, Inc.; 350 Holdings,

2  LLC; Car Charging, Inc; and 350 Green, LLC (the "Char Charging Entities"). M. Douglas

3  Flahaut of Arent Fox LLP and Michael Bernstein of the Bernstein Law Firm appeared on behalf

4  of the Car Charging Entities. Frank Pepler of DLA Piper LLP appeared on behalf of the above-

5  captioned debtors (the "Debtors").

6      The Court has reviewed and considered the Motion to Transfer Venue regarding

7  Adversary Proceeding 8:14-ap-01130-ES ("Adversary Proceeding"); the declaration of M.

8  Douglas Flahaut in support of the Motion [Doc. No. 12]; notice of the Motion; *Plaintiff's*

9  *Opposition to Motion to Transfer Venue to the Southern District of Newyork [sic] Pursuant to 28*

10  *U.S.C. § 1412 or, In the Alternative, to Dismiss Counts Three, Five, and Six of Plaintiffs'*

11  *Complaint Pursuant to Fed. R. Civ. Pro. 12 (b)(6)* [Doc. No. 24] (the "Opposition"); the reply

12  filed by the Car Charging Entities [Doc. No. 49]; the arguments of counsel at the October 28,

13  2014 hearing; and the record in these related cases. Based on that review and consideration and it

14  appearing that notice of the Motion was adequate; the relief requested in the Motion is

15  appropriate under the circumstances for the reasons set forth on the record and in this Court's

16  tentative ruling attached hereto and incorporated herein as Exhibit 1 (the "Ruling"); and for other

17  good and sufficient cause,

18      **IT IS HEREBY ORDERED THAT:**

19      1. Effective December 31, 2014, the Motion shall be deemed GRANTED and the

20  Opposition thereto is overruled. Moreover, the Ruling is adopted as the Court's final order as

21  modified herein. Prior to December 31, 2014, the Adversary Proceeding shall remain subject to

22  the jurisdiction of this Court.

23      2. All causes of action in the above-captioned Adversary Proceeding, except for the

24  Debtors' seventh cause of action objecting to the proofs of claim filed by the Car Charging

25  Entities, shall be transferred to the U.S. District Court for the Southern District of New York **on**

26  **December 31, 2014 or as soon thereafter as the Clerk of this Court can accomplish the same,**

27

28

DLA PIPER LLP (US)
SAN FRANCISCO

Lead Case No. 8:14-bk-10391-ES
Adversary Proceeding No. 8:14-ap-01130-ES

2

ORDER

WEST\251968475.4

1   to be consolidated with the New York Action[1] [13-cv-08755-KPF] currently pending in the U.S.

2   District Court for the Southern District of New York.

3          3. The Car Charging Entities and the Debtors shall complete a mediation of the matters

4   raised in this Adversary Proceeding and any affirmative defenses or cross claims raised by the

5   Car Charging Entities thereto, on or before December 19, 2014.  The mediation shall be presented

6   to the Bankruptcy Dispute Resolution Program of this District, or to a judicial settlement judge, at

7   the election of the parties.

8          4. All further action on the seventh cause of action in the Adversary Proceeding shall be

9   stayed until a final judgment in the New York Action is entered or until further order of this

10  Court.

11

12

13  Dated: December 9, 2014

14                                              Erithe A. Smith, U.S. Bankruptcy Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[1] Capitalized terms not defined herein are defined in the Motion.

DLA PIPER LLP (US)
SAN FRANCISCO

Lead Case No. 8:14-bk-10391-ES
Adversary Proceeding No. 8:14-ap-01130-ES

3

ORDER

WEST\251968475.4

# EXHIBIT 1

# United States Bankruptcy Court
## Central District of California
### Santa Ana
### Judge Erithe Smith, Presiding
### Courtroom 5A Calendar

**Tuesday, October 28, 2014**                                    **Hearing Room     5A**

---

2:00 PM
**8:14-10391   Mariana V. Gerzanych**                                  **Chapter 11**
Adv#: 8:14-01130   Gerzanych et al v. Car Charging Group, Inc. et al

**#24.00**   CON'TD Hearing RE: Defendant's Motion to Transfer Venue to the Southern
District of New York Pursuant to 28 U.S.C. Section 1412 or, in the Alternative, to
Dismiss Counts Three, Five, and Six of Plaintiffs' Complaint Pursuant to
Fed.R.Civ.Pro. 12(b)(6)

FR: 9-18-14

Docket      11

**Courtroom Deputy:**

  - NONE LISTED -

**Tentative Ruling:**

**October 28, 2014**

Grant motion as to all causes of action except the Seventh [Sixth in
Complaint] Cause of Action (Objection to Claim); Deny as to the Seventh
Cause of Action

The court is persuaded by the argument and analysis set for the the Motion
and Reply pleadings submitted by Defendants and incorporates by reference
the same herein.   In addition, the court sets forth the basis for the tentative
ruling in detail below.

Basis for Tentative Ruling

Fed.R.Bankr.P. 7087 authorizes a bankruptcy court to transfer an
adversary proceeding  or any part thereof to another district pursuant to 28
U.S.C. 1412.  Section 28 U.S.C. §1412 authorizes the court to transfer a
proceeding to another district "in the interest of justice or for the convenience
of the parties." *TIG Ins., Co. v. Smolker*, 264 B.R. 661, 667-68 (Bankr. C.D.
Cal. 2001).  Adjudication of a request for a transfer of venue under section §

## United States Bankruptcy Court
## Central District of California
### Santa Ana
### Judge Erithe Smith, Presiding
### Courtroom 5A Calendar

**Tuesday, October 28, 2014**                                    **Hearing Room    5A**

---

<u>2:00 PM</u>
**CONT...    Mariana V. Gerzanych**                                    **Chapter 11**

1412 requires a case-by-case analysis that is subject to the broad discretion of the court. *Id.* at 668 (*citing In re Bruno's, Inc.*, 227 B.R. 311, 324 (Bankr.N.D.Ala.1998)).  The party that seeks to transfer venue bears the burden of showing by a preponderance of the evidence that transfer would be appropriate. *TIG Ins., Co. v. Smolker*, 264 B.R. at 668 (*citing Gulf States Exploration Co. v. Manville Forest Products Corp. (In re Manville Forest Products Corp.)*, 896 F.2d 1384, 1390–91 (2d Cir.1990)).

    The location of the debtor's bankruptcy case is not the only factor that courts have evaluated in considering to transfer venue of an adversary proceeding under Section 1412. *TGI Ins., Co. v. Smolker*, 264 B.R. at 668.  In considering the interests of justice, courts have considered, in addition to the location of the pending bankruptcy, whether the transfer would promote the economic and efficient administration of the bankruptcy estate, whether the interests of judicial economy would be served by the transfer; whether the parties would be able to receive a fair trial in each of the possible venues, whether either forum has an interest in having the controversy decided within its borders, whether the enforceability of any judgment obtained would be affected by the transfer, and whether the plaintiff's original choice of forum should be disturbed. *Id.* (*citing In re Bruno's*, 227 B.R. at 324–25); *see also Jackson v. Fenway Partners*, 2013 WL 1411223, at *3 (C.D. Cal. April 8, 2013)("the factors the Court should consider in determining whether a transfer is warranted under the "interests of justice" prong include: (1) the economics of estate administration; (2) the presumption in favor of the "home court;" (3) judicial efficiency; (4) the ability to receive a fair trial; (5) the state's interest in having local controversies decided within its borders by those familiar with its laws; (6) the enforceability of the judgment; and (7) the plaintiff's original choice of forum, although this last factor is tempered by the presumption in favor of the home court); *see also Reid–Ashman Mfg. v. Swanson Semiconductor Serv., LLC*, 2008 WL 425638, at *1 (N.D.Cal. Feb.14, 2008); *SenoRx v. Coudert Bros., LLP*, 2007 WL 2470125, at *1 (N.D.Cal. Aug.27, 2007);

**United States Bankruptcy Court**
**Central District of California**
Santa Ana
Judge Erithe Smith, Presiding
Courtroom 5A Calendar

Tuesday, October 28, 2014                                   Hearing Room        5A

2:00 PM
CONT...        Mariana V. Gerzanych                              Chapter 11

As for the convenience of the parties, important factors include location
of the plaintiff and the defendant, the ease of access to the necessary proof,
the convenience of the witnesses and the parties and their relative physical
and financial condition, the availability of the subpoena power for unwilling
witnesses, and the expense related to obtaining witnesses. *TGI Ins., Co. v.
Smolker*, 264 B.R at 668 (citing *In re Bruno's*, 227 B.R. at 325); *see also
Larami Ltd. v. Yes! Entertainment Corp.*, 244 B.R. 56 (D.N.J.2000); *Reid–
Ashman*, 2008 WL 425638, at *2.

In December 2013, Defendants Car Charging Group, Inc., Car
Charging, Inc., 350 Holdings, LLC, and 350 Green, LLC (collectively
"Defendants") filed a complaint against the Plaintiffs herein, Mariana V.
Gerzanych and Timothy L. Mason (collectively "Plaintiffs") in the District Court
for the Southern District of New York (Case No.2:13-CV-08755-KPF)
(hereafter, the "New York Action"). In the New York Action, Defendants
allege the following claims for relief: (1) Breach of Contract; (2) Fraud in the
Inducement; (3) Civil Conspiracy to Commit Fraud; (4) Unjust Enrichment; (5)
Breach of Contract; and (6) Breach of Fiduciary Duty. *See* Flahaut Decl., Ex.
2.

Subsequently, Plaintiffs filed voluntary chapter 11 petitions on January
21, 2014. Soon thereafter, on April 24, 2014, Plaintiffs commenced the
instant adversary proceeding against Defendants alleging the following claims
for relief: (1) Declaratory Relief; (2) Breach of Contract of Exchange
Agreement; (3) Breach of Contract of Secured Promissory Note; (4) Claim
and Delivery; (5) Fraud in the Inducement; (6) Unjust Enrichment and
Rescission; and (7) Objection to Claims. Flahaut Decl., Ex. 1.

Defendants filed several proofs of claims against the Plaintiffs' estates.
As the basis for such claims, Defendants attached the complaint of the
pending New York Action. Defendants also filed an adversary proceeding
against each Plaintiff seeking nondischargeability under §523(a)(2), (a)(4),
and (a)(6) (collectively, the "Nondischargeability Actions"). The basis of

# United States Bankruptcy Court
## Central District of California
### Santa Ana
### Judge Erithe Smith, Presiding
### Courtroom 5A Calendar

Tuesday, October 28, 2014                                    Hearing Room      5A

---

2:00 PM
CONT...      Mariana V. Gerzanych                                        Chapter 11

Defendants' nondischargeability actions also involve the same facts as the New York Action, i.e. the sale of Plaintiffs' interest in 350 Green to Car Charging Group, Inc. and 350 Holdings, LLC.

On June 16, 2014, Defendants filed this motion to transfer venue of the underlying adversary proceeding to the District Court of the Southern District of New York, where the New York Action is currently pending. If the court declines to transfer the venue of this proceeding, Defendants alternatively request that counts three, five and six of Plaintiffs' complaint be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12 (b)(6). Based on the analysis below, the court should transfer this adversary to the District Court for the Southern District of New York, while retaining jurisdiction of Plaintiffs' objection to Defendants proof of claims and Defendant's Nondischargeability Actions. In light of transferring the venue, Defendants' alternative request to dismiss is rendered moot.

**Transfer Venue**

Defendants request this court to transfer venue of the underlying complaint to the District Court for the Southern District of New York so the instant action may be consolidated with a related proceeding involving the same parties that is currently pending in that district before an Article III judge (i.e. the New York Action). Mot., pg. 1, lns 4-7. Defendants contend that transferring this adversary proceeding to New York will promote efficient administration of the bankruptcy estates. Mot., pg. 11-12. Plaintiffs, on the other hand, argue that there is no justification for transferring this action to New York as all of the claims are intricately related to Defendants' allegations in their Nondischargeability Actions and proofs of claims. Opp., pg. 9, lns 21-23.

Federal Rule of Bankruptcy procedure 7087 provides that "[o]n motion and after a hearing the court may transfer an adversary proceeding or any part therefor to another district pursuant to 28 U.S.C. §1412, except as provided in Rule 7019(2)." Fed. R. Bankr. P. 7087. Section 28 U.S.C. §1412

# United States Bankruptcy Court
## Central District of California
### Santa Ana
### Judge Erithe Smith, Presiding
### Courtroom 5A Calendar

**Tuesday, October 28, 2014**                                    **Hearing Room    5A**

---

<u>2:00 PM</u>
**CONT...**      **Mariana V. Gerzanych**                          **Chapter 11**

provides that "[a] district may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. §1412; *see also TIG Ins., Co. v. Smolker*, 264 B.R. 661, 667-68 (Bankr. C.D. Cal. 2001)("Section 28 U.S.C. § 1412 authorizes the court to transfer a proceeding to another district "in the interest of justice or for the convenience of the parties.").  Adjudication of a request for a transfer of venue under section §1412 requires a case-by-case analysis that is subject to the broad discretion of the court. *Id.* at 668 (*citing In re Bruno's, Inc.*, 227 B.R. 311, 324 (Bankr.N.D.Ala.1998)).  The party that seeks to transfer venue bears the burden of showing by a preponderance of the evidence that transfer would be appropriate. *TIG Ins., Co. v. Smolker*, 264 B.R. at 668 (*citing Gulf States Exploration Co. v. Manville Forest Products Corp. (In re Manville Forest Products Corp.)*, 896 F.2d 1384, 1390–91 (2d Cir.1990)).

*Interest of Justice*

    (1) Economic and Efficient Administration of the Bankruptcy Estate

One of the most important factors would appear to be the economic impact on the administration of the Plaintiffs' estates. *See In re Bruno's, Inc.*, 227 B.R. at 325-26; *see also In re Butcher*, 46 B.R. 109, 112 (Bankr.N.D.Ga.1985) (stating that "the most important factor is whether the transfer of the proceeding would promote the economic and efficient administration of the estate"); *see also In re Cole Associates, Inc.*, 7 B.R. 154, 157 (Bankr.Utah 1980) (noting that "[i]f one factor could be singled out as having the most logical importance, it would be whether a transfer would promote the efficient and economic administration of an estate").

As noted above, there are currently four separate actions simultaneously pending in two different courts.  Pending in front of this court is Plaintiffs' adversary proceeding against Defendants and Defendants' two Nondischargeability Actions against Plaintiffs.  Pending in District Court for

**United States Bankruptcy Court**
**Central District of California**
Santa Ana
**Judge Erithe Smith, Presiding**
**Courtroom 5A Calendar**

Tuesday, October 28, 2014                                    **Hearing Room      5A**

2:00 PM
CONT...      **Mariana V. Gerzanych**                                        **Chapter 11**

the Southern District of New York is the New York Action.  All these actions involve the same parties and revolve around the same set of transactions, i.e. the sale of Plaintiffs' interest in 350 Green, LLC to Car Charging Group, Inc. and 350 Holdings, LLC.  This adversary proceeding involves  what are essentially state law-based "counterclaims" against the claims asserted by Defendants against the bankruptcy estate. The basis for Defendants' proof of claims is the pending New York Action.  Indeed, Plaintiffs readily admit in paragraph 89 of the Complaint that the "facts and occurrences alleged by Plaintiffs against Defendants in this [adversary] substantially overlap the allegations made by Defendants in the Complaint initiating the New CCGI New York Action."

       Plaintiffs have failed to show that transferring venue would determinately impact the court's administration of their bankruptcy estates. Plaintiffs have not, for example, suggested that transferring this litigation would delay the preparation or filing of a disclosure statement or plan of reorganization or that transferring this litigation would delay the confirmation of a chapter 11 plan.  With the exception of Plaintiffs' objection to Defendants' proof of claims, this adversary is not intricately related to the Plaintiffs' bankruptcy cases but rather, constitutes independent fraud and contract claims that are governed by Florida state law.  Further, Plaintiffs provide no evidence suggesting that cost of litigation in New York as opposed to California would be greater or that it would cause any economic hardship to the bankruptcy estate.  Plaintiffs merely state that litigating in New York is extremely ill-advised as it would be both unnecessarily costly and inconvenient. Opp., pg. 12, lns 16-17.

       The interest of judicial economy would be best served if the underlying disputes between Plaintiffs and Defendants were determined by one court with unquestioned constitutional authority to render final determinations and rulings.  This court firmly believes it would be more efficient for this court to transfer venue of Plaintiffs' to the District Court for the Southern District of New York.  This would promote efficient administration of the bankruptcy

## United States Bankruptcy Court
## Central District of California
### Santa Ana
### Judge Erithe Smith, Presiding
### Courtroom 5A Calendar

Tuesday, October 28, 2014                                      Hearing Room      5A

2:00 PM
CONT...      Mariana V. Gerzanych                                      Chapter 11

estates because at this point, Defendants have unliquidated claims and the
validity of such claims is dependent on the resolution of the New York Action.
Upon resolution of the New York Action, Plaintiffs may then resume litigation
of their claim objections.  Depending on the outcome and findings of the New
York Action, such judgment may also have a preclusive effect in the
Defendants' Nondischargeability Actions against the Plaintiffs.

    (1) Judicial Efficiency

      "Judicial efficiency concerns numerous issues, some of which overlap
with the other factors: the home court's familiarity with the substantive issues
and familiarity with the law to be applied in the proceeding (i.e., the "learning
curve"); the caseload of the respective courts and thus whether the time to
trial is shorter or substantially longer in one forum as opposed to the other;
the respective availability of the courts for resolving discovery disputes and for
moving the case toward trial at a reasonable pace given the issues involved."
*In re Bruno's, Inc.*, 227 B.R. 211 at 328.


      Transferring venue would likewise support judicial economy as all
claims alleged by the various parties will be heard by the same Article III
judge simultaneously.  The New York Action was filed on December 10, 2013.
Flahaut Decl., ¶4.  Instead of filing an answer to such complaint, Plaintiffs
filed their chapter 11 petitions and thus the New York Action was stayed.
Flahaut Decl., Ex. 3.  Likewise, this adversary proceeding is only at the
pleading stage as Defendants filed the instant motion to transfer venue in lieu
of filing an answer.   As such, the New York Action is ready to proceed and
the time of trial will likely by shorter than the instant forum.  This court, as
compared to the District Court in New York, is not more readily familiar with
the causes of action or the alleged facts in this adversary proceeding.

      Further, the substantive issues of this adversary proceeding are of the
kind for which this court may not have jurisdiction to enter a final judgment.

**United States Bankruptcy Court**
**Central District of California**
Santa Ana
Judge Erithe Smith, Presiding
Courtroom 5A Calendar

Tuesday, October 28, 2014                                    Hearing Room        5A

2:00 PM
CONT...        **Mariana V. Gerzanych**                              Chapter 11

Even if this court were to decide Plaintiff's pending motion  for a
determination of jurisdiction, it is likely that Plaintiffs would seek an appeal of
such determination, thereby  resulting in additional delay, cost and time for a
definitive ruling regarding this court's authority.  Such circumstances is
entirely avoided by permitting this action to proceed in its original starting
place in New York district court

(2) Ability to Receive a Fair Trial

All parties will be able to receive a fair trial if this adversary proceeding
is transferred to New York.  There is no evidence that the District Court in
New York would be more impartial in trying this action than this court.
Additionally, Defendants have made a demand for a jury trial which is more
readily available in the District Court of New York and have not consented to
a jury trial in the bankruptcy case.  Absent consent of the parties, this court
cannot hold a jury trial. *See In re Bellingham*, 702 F.3d 553, 567 (9th Cir.
2012).   Though Plaintiffs have sought, by separate motion, an order of this
court striking Plaintiff's demand for jury trial, even if the court granted the
motion, the likelihood of further litigation on this issue on appeal warrants the
immediate transfer of the litigation to the District Court.

(3) The State's Interest in having Local Controversies Decided
within its Borders

This factor does not favor a venue of California or New York.  The
agreements and promissory notes have a choice of law provision mandating
the application of Florida law.  This is not a local controversy, but rather
national as the Plaintiffs reside in California, the Defendants are a Nevada
Corporation with a principal place of business in Florida and the dispute
involves electric vehicle charging stations in Chicago.

(4) Enforceability of any Judgment Rendered

A judgment obtained by the New York District Court by either party will

**United States Bankruptcy Court**
**Central District of California**
Santa Ana
Judge Erithe Smith, Presiding
Courtroom 5A Calendar

Tuesday, October 28, 2014                                    Hearing Room        5A

2:00 PM
CONT...        Mariana V. Gerzanych                                Chapter 11

be enforceable as the judgment will be rendered by an Article III judge.  To
the contrary, and as previously mentioned, the substantive issues of this
adversary proceeding are of the kind which this court may not enter a final
judgment.  As such, if the proceeding remains before this court, an extra step
will be required in order for the parties to obtain an enforceable judgment.

(5) Plaintiffs' Original Choice of Forum

Plaintiffs' original choice of forum for this adversary proceeding was
this court.  However, Defendants contend that this matter should be
transferred as the parties' choice of forum as stated in the governing
agreements should be honored.  Mot., pg. 11.  The Agreements and the
Promissory Note attached the complaint have forum selection clauses
providing that the District Court for the Southern District of New York shall
have exclusive jurisdiction over disputes arising under or in connection with
such agreements.  For example:

"The parties to this Agreement ... expressly and irrevocably elect as
the sole judicial forum for the adjudication of any matters arising under
or in connection with this Agreement, and consent and subject
themselves to the jurisdiction of the United States District Court for the
Southern District of New York, in respect of any matter arising under
this Agreement." Compl., Ex. A, §8.9.

"Any suit involving any dispute or matter arising under this Agreement
may only be brought in ... the United States District Court for the
Southern District of New York, which court[] shall have jurisdiction over
the subject matter of the dispute or matter." Compl., Ex. B, §14.

"The United States District Court for the Southern District of New York
... shall have personal jurisdiction over any proceeding instituted to
enforce this Note and any objections to venue are hereby waived."
Compl., Ex. E, §5.

# United States Bankruptcy Court
## Central District of California
### Santa Ana
### Judge Erithe Smith, Presiding
### Courtroom 5A Calendar

**Tuesday, October 28, 2014**                                    **Hearing Room    5A**

---

<u>2:00 PM</u>
**CONT...**    **Mariana V. Gerzanych**                                    **Chapter 11**

Plaintiffs contend the bankruptcy courts routinely decline to enforce the forum selection clause in "core" proceedings because "[p]ublic policy strongly favors centralization of core bankruptcy proceedings." Opp., pg. 12, lns 20-22 (citing *Diaz-Barba v. Kismet Acquisition, LLC*, 2010 WL 2079738, *10 (S.D. Cal. May 20, 2010)). Certainly, courts have held that public policy strongly favors centralization of core bankruptcy proceedings. *See N. Parent, Inc. v. Cotter & Co. (In re N. Parent, Inc.)*, 221 B.R. 609, 621-22 (Bankr.D.Mass.1998) (see listed cases holding same). In *In re N. Parent, Inc.*, 221 B.E. 609 (Bankr. D. Mass. 1998) a debtor brought an adversary proceeding against its franchisor, who in turn moved to dismiss based on a forum selection clause contained in parties' franchise agreement. The bankruptcy court denied the motion with respect to the core proceedings, holding that "[r]etaining core proceedings in this Court, in spite of a valid forum selection clause, promotes the well-defined policy goals of centralizing all bankruptcy matters in a specialized forums to ensure the expeditious reorganization of debtors." 221 B.R. at 622. The court in *In re N. Parent, Inc.*, further held that "[b]y enforcing the forum selection clause in non-core, related claims, where the public policy concerns are less clear, this court also upholds the parties' right to contractually decide where to litigate their pre-petition contractual disputes. As a result, only those claims which are deemed to be core bankruptcy issues can remain in this Court; all non-core claims should be transferred or dismissed to give effect to the parties forum selection clause. In re N. Parent, Inc., 221 B.R. 609, 622 (Bankr. D. Mass. 1998).

Whether or not the claims are "core" or not, this court may not have constitutional authority under Article III to enter a final judgment on them. This adversary includes claims for breach of contract dispute as well as declaratory relief, fraud, unjust enrichment and restitution, all state law based claims. The validity of Defendants' proof of claims will almost certainly turn entirely on the facts that will be litigated in the claims and counterclaims for breach of contract and fraud that Plaintiffs and Defendants that are pending in the New York action. Once the judgment is rendered in New York, the

# United States Bankruptcy Court
## Central District of California
### Santa Ana
### Judge Erithe Smith, Presiding
### Courtroom 5A Calendar

Tuesday, October 28, 2014                                      Hearing Room        5A

---

2:00 PM
CONT...     Mariana V. Gerzanych                                        Chapter 11

claim in this court will no longer be contingent and unliquidated and will likely not be long, if at all, disputed. Allowing or disallowing it at that stage will likely not be a complex exercise. Further, should the litigation in New York become protracted, this court has authority to estimate Defendants' claims for voting purposes should that become necessary to promote the administration of the case and confirmation of a plan of reorganization.

Based on the foregoing, the court is persuaded that judicial economy would best be served if this adversary proceeding is transferred to New York.

*Convenience of the Parties*

In considering the convenience of the parties, courts have considered: (1) the location of the plaintiff and the defendant, (2) the ease of access to the necessary proof, (3) the convenience of the witnesses and the parties and their relative physical and financial condition, (4) the availability of the subpoena power for unwilling witnesses, and (5) the expense related to obtaining witnesses. *TGI Ins., Co. v. Smolker*, 264 B.R at 668 (citing *In re Bruno's*, 227 B.R. at 325); *see also Larami Ltd. v. Yes! Entertainment Corp.*, 244 B.R. 56 (D.N.J.2000); *Reid–Ashman*, 2008 WL 425638, at *2.

Neither party addresses the alternative second prong regarding the convenience of the parties in considerable depth. Plaintiffs are located in California and Defendants are located in Florida. Thus, based on their location, the district court in New York does not seem convenient for either party. Plaintiffs argue that no witnesses or parties reside in New York. The transaction at issue was neither negotiated nor preformed in New York and no evidence is located in New York. Opp., pg. 12, lns 9-12. However, resolution of this adversary proceeding and the New York Action will require consideration of the same contracts, negotiations and representations. Such documents have been attached to the instant complaint and are referred to in the complaint for the New York Action. In any event, under the

# United States Bankruptcy Court
## Central District of California
### Santa Ana
### Judge Erithe Smith, Presiding
### Courtroom 5A Calendar

Tuesday, October 28, 2014                                    Hearing Room      5A

2:00 PM
CONT...      Mariana V. Gerzanych                                          Chapter 11

circumstances presented in this matter, any inconvenience to the parties is, in
this court's view, trumped by the more compelling arguments in support of
having the claims finally decided by a court of unquestioned jurisdiction
before whom most, if not all, of the issues are currently pending.

| Party Information | |
|---|---|
| **Debtor(s):** | |
| Timothy L Mason | Represented By |
| | Ovsanna Takvoryan |
| Mariana V. Gerzanych | Represented By |
| | Kurt Ramlo |
| | Krikor J Meshefejian |
| **Defendant(s):** | |
| 350 Holdings, LLC | Represented By |
| | M Douglas Flahaut |
| 350 Green, LLC | Represented By |
| | M Douglas Flahaut |
| Car Charging Group, Inc. | Represented By |
| | M Douglas Flahaut |
| Car Charging, Inc. | Represented By |
| | M Douglas Flahaut |
| **Interested Party(s):** | |
| Courtesy NEF | Represented By |
| | Kurt Ramlo |
| | Krikor J Meshefejian |

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Judge Erithe Smith, Presiding**
**Courtroom 5A Calendar**

---

**Tuesday, October 28, 2014**                                    **Hearing Room      5A**

---

<u>2:00 PM</u>
**CONT...      Mariana V. Gerzanych**                                    **Chapter 11**
  <u>Plaintiff(s):</u>

    Timothy L Mason                      Represented By
                                       Vishali  Singal
                                       Frank T Pepler
                                       Rachel  Lowe
                                       Kathleen S Kizer

    Mariana V. Gerzanych                 Represented By
                                         Vishali  Singal
                                       Frank T Pepler
                                       Rachel  Lowe
                                       Kathleen S Kizer

  <u>U.S. Trustee(s):</u>

    United States Trustee (SA)           Pro Se